UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 4:12-CV-235 CAS ) |
| RONALD NICHOLS, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion to intervene filed by movant American Family Mutual Insurance Company ("American Family"), pursuant to Rule 24, Federal Rules of Civil Procedure. Plaintiffs Mid-Century Insurance Company ("Mid-Century") and Farmers Insurance Company ("Farmers") oppose the motion. Defendant DeClue consents to the motion. Defendant Nichols filed no response. For the following reasons, the motion to intervene will be denied without prejudice.

This is an action for a declaratory judgment that plaintiffs Mid-Century and Farmers have no duty to defend or indemnify defendant Nichols under homeowner's and automobile insurance policies plaintiffs issued to Nichols, with respect to an accident between Nichols and defendant DeClue that occurred on February 25, 2006. The accident is the subject of an underlying lawsuit in the Circuit Court of the City of St. Louis, in which DeClue is the plaintiff and Nichols and American Family are defendants.[1]

The motion to intervene states that American Family issued an automobile liability insurance policy to DeClue that was in effect on the day of the accident and includes uninsured motorist

---

[1]The underlying lawsuit has been stayed pending resolution of the declaratory judgment action.

coverage. American Family states it has been named as a defendant in DeClue's underlying suit, as DeClue seeks uninsured motorist benefits under the policy based on allegations that Nichols was uninsured. American Family contends that disposition of the instant matter may impair and impede its ability to protect its interests as the Court will determine whether Nichols was uninsured at the time of the accident, which could potentially cause it to be liable to DeClue in the underlying suit. American Family makes the conclusory assertion that its interests are not being fully and adequately protected in this action.

American Family states that under Missouri law, if an uninsured motorist carrier has adequate notice of the claim and an opportunity to intervene in the action against the alleged uninsured motorist, the insurer is estopped from relitigating the issues of liability and damages once those issues have been decided in the underlying lawsuit, citing Nervig v. Workman, 285 S.W.3d 335, 340 (Mo. Ct. App. 2009). American Family states, "Missouri Courts have uniformly held that an uninsured motorist carrier is entitled to intervene in an action between its insured and the uninsured motorist as a matter of right." Mem. Supp. Mot. Intervene at 3 (citing Stafford v. Kite, 26 S.W.3d 277, 279 (Mo. Ct. App. 2000)).

The plaintiffs respond that to intervene as a matter of right under Rule 24, a movant must have either an unconditional right given by a federal statute, or claim an interest relating to the transaction and be so situated that the disposition of the action may impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. The plaintiffs state that American Family seeks to intervene in this action to argue that plaintiffs have a duty to defend and/or indemnify Nichols in the underlying action, which is the same position that Nichols and DeClue have presented in their Answers filed in this matter. Plaintiffs also state that the cases cited by American Family are inapplicable in this matter, as they concern intervention when the lawsuit

is between the insured and the uninsured motorist – such as the underlying suit in this matter – and not a declaratory action.

Rule 24(a)(2) provides that a timely motion to intervene shall be granted if: (i) the proposed intervenor claims an interest relating to the property or transaction which is the subject of the action; (ii) the interest may be impaired; and (iii) the interest is not adequately represented by an existing party to the action. See Jenkins by Jenkins v. State of Mo., 78 F.3d 1270, 1274 (8th Cir. 1996). While the Court is aware that intervention under Rule 24 is to be construed liberally and doubts as to the intervention should be resolved in favor of the proposed intervenor, Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 164 F.3d 1080, 1081 (8th Cir. 1999), the current motion does not show a proper basis for the permitting intervention.

The Court cannot grant the motion to intervene based on the proposed intervenor's bare assertion that it has an interest that may be impaired or impeded. American Family's cited cases offer no support to its motion, because they address the right of an uninsured motorist carrier to intervene in a suit between its insured and the uninsured motorist in which liability and damages will be determined. This is not such a case. American Family is already a party to the underlying suit between its insured, DeClue, and the potentially uninsured motorist, Nichols, which will determine liability and damages. American Family has not cited any cases to establish that it has the right to intervene in a case for declaratory judgment with respect to another insurer's duty to defend and/or indemnify the potentially uninsured motorist.

Further, the proposed intervenor has failed to address with any specificity why its interest is not adequately represented by the existing parties. Whether representation is adequate is determined "by comparing the interests of the proposed intervenor with the interests of the current parties to the action." Little Rock Sch. Dist. v. North Little Rock Sch. Dist., 378 F.3d 774, 780 (8th

Cir. 2004) (quoted case omitted).  American Family's motion does not address the interests of defendants Nichols or DeClue in this action and how they differ from its own.

For these reasons, the Court will deny the motion to intervene without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that movant American Family Mutual Insurance Company's motion to intervene is **DENIED** without prejudice.  [Doc. 28]

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of July, 2012.