# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MID-CENTURY INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:12-CV-235 CAS |
| RONALD NICHOLS, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This declaratory judgment matter is before the Court on a motion for summary judgment filed by plaintiffs Mid-Century Insurance Company ("Mid-Century") and Farmers Insurance Company, Inc. ("Farmers"). Defendant Nichols concedes that Mid-Century's motion for summary judgment should be granted, but opposes Farmers' motion. Defendant DeClue filed no response to the motion. For the following reasons, the plaintiffs' motion for summary judgment should be granted.

**Factual Background**

On February 25, 2006, defendant DeClue allegedly suffered physical and psychological injuries as a result of being struck by a Bobcat 2100S utility vehicle operated by defendant Nichols, while DeClue was walking on a sidewalk in the City of St. Louis during Mardi Gras festivities. The incident is the subject of an underlying lawsuit in the Circuit Court of the City of St. Louis, case number 0722-CC07357, in which DeClue is the plaintiff and Nichols and American Family Mutual Insurance Company are defendants.[1]

---

[1] The state court suit has been stayed pending the outcome of this action.

In this action, Mid-Century and Farmers seek a declaratory judgment that a homeowners policy Mid-Century issued to Nichols, and two automobile insurance policies Farmers issued to Nichols, do not provide coverage for the incident, and that they have no duty to defend or indemnify Nichols in the underlying state court lawsuit. Because Nichols concedes the Mid-Century is entitled to summary judgment, the Court's discussion will address only Farmers' policies.

**Legal Standard**

The Eighth Circuit Court of Appeals has articulated the appropriate standard for consideration of motions for summary judgment as follows:

> Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The movant bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.

Torgerson v. City of Rochester, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc) (internal citations and quotation marks omitted).

**Facts**

The Court finds the following facts for purposes of this motion for summary judgment:

1. Defendant DeClue filed a lawsuit against defendant Nichols in the Circuit Court of the City of St. Louis, case number 0722-CC07357 (the "Underlying Lawsuit").

2. In the Underlying Lawsuit, defendant DeClue alleges that on February 25, 2006, defendant Nichols was operating a Bobcat 2100S utility vehicle when Nichols allegedly struck and injured defendant DeClue who was walking on a sidewalk during Mardi Gras Festivities.

3. The Bobcat 2100S was not licensed for use on public highways and was designed for recreational use off public roads.

4. The Bobcat 2100S at issue in this litigation was rented by defendant Nichols from Bobcat of St. Louis.

5. Bobcat of St. Louis did not register or license a Bobcat 2100S with the State of Missouri in 2006.

6. Defendant Nichols did not drive the Bobcat 2100S on the highway to the Mardi Gras festivities after renting it from Bobcat of St. Louis, but rather hauled it on a trailer to the location.

7. The Bobcat 2100S that Nichols rented did not have a license plate on it.

8. The Bobcat 2100S, as rented by Nichols, was designed for recreational use off public roads and was not generally licensed or registered with the State of Missouri for use on public highways.

9. The Bobcat 2100S was generally 64 inches or less in width and generally weighed less than 2000 lbs.

10. As a result of the incident, defendant DeClue alleges physical and psychological injuries. Defendant DeClue also seeks $50,000 in punitive damages.

11. At the time of the incident, defendant Nichols was insured under a homeowners policy issued by Mid-Century and two automobile policies issued by Farmers.

12. Both Farmers automobile policies contain the following relevant coverage language:

**PART I – LIABILITY**

**Coverage A – Bodily Injury**

**Coverage B – Property Damage**

We will pay **damages** for which an **insured person** is legally liable because of **bodily injury** to any person and **property damage** arising out of the ownership, maintenance or use of a **private passenger car**, a **utility car**, or a **utility trailer**.

We will defend any claim or suit asking for these **damages**. We may settle when we consider it appropriate.

We will not defend any suit or make additional payments after we have paid the limit of liability for the coverage.

See Pls.' Ex. G at 4; Pls.' Ex. H at 4.

    13. Both Farmers automobile policies contain the following relevant definitions:

**Private Passenger Car** means a four wheel land motor vehicle of the private passenger or station wagon type actually licensed for use upon public highways. It includes any motor home with no more than six wheels and not used for business purposes.

. . . .

**Utility car** means a land motor vehicle having at least four wheels actually licensed for use upon public highways, with a rated load capacity of not more than 2,000 pounds, of the pickup, panel or van type. This does not mean a vehicle used in any business or occupation other than farming or ranching. However, it does include a newly acquired or replacement vehicle of the same type if its usage is the same as the **utility car** described in the Declarations.

**Utility trailer** means a vehicle designed to be towed by a **private passenger car** and includes a farm wagon or farm implement while towed by a **private passenger car** or **utility car**. It does not include a trailer used as an office, store, display or passenger trailer.

See Pls.' Ex. G at 3; Pls.' Ex. H at 3.

    14. Both Farmers automobile policies contain the following relevant exclusion:

Regardless of any other provision, this policy does not cover punitive or exemplary damages or the cost of defense related to such damages.

See Pls.' Ex. G, endorsement E0207; Pls.' Ex. H, endorsement E0207.

**Discussion**

I.

Because jurisdiction of this case is based on diversity of citizenship, the Court applies the substantive law of Missouri, the forum state. See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). Federal courts are "bound to accept the interpretation of [state] law by the highest court of the State." Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n, 426 U.S. 482, 488 (1976). If the Missouri Supreme Court has not yet addressed a particular issue, the Court "may consider relevant state precedent, analogous decisions, considered dicta, . . . and any other reliable data." Bass v. General Motors Corp., 150 F.3d 842, 847 (8th Cir. 1998) (quoted case omitted). "Decisions from Missouri's intermediate appellate court (the Missouri Court of Appeals) are 'particularly relevant,' and must be followed when they are the best evidence of Missouri law." Bockelman v. MCI Worldcom, Inc., 403 F.3d 528, 531 (8th Cir. 2005) (cited case omitted).

Under Missouri law, the interpretation of the meaning of an insurance policy is a question of law. Capitol Indem. Corp. v. 1405 Assocs., Inc., 340 F.3d 547, 547 (8th Cir. 2003). "In construing an insurance policy, the words must be given their plain meaning, consistent with the reasonable expectations, objectives, and intent of the parties." Standard Artificial Limb, Inc. v. Allianz Ins. Co., 895 S.W.2d 205, 209 (Mo. Ct. App. 1995). "Where insurance policies are unambiguous, the rules of construction are inapplicable, and absent a public policy to the contrary, the policy will be enforced as written." Krombach v. Mayflower Ins. Co., 827 S.W.2d 208, 210 (Mo. 1992) (en banc) (citations omitted). Nonetheless, "Insurance policies are to be given a reasonable construction and interpreted so as to afford coverage rather than to defeat coverage." Nixon v. Life Investors Ins. Co. of America, 675 S.W.2d 676, 679 (Mo. Ct. App. 1984). An

interpretation of insurance policy language which may render a portion of the policy illusory "should not be indulged in." Cano v. Travelers Ins. Co., 656 S.W.2d 266, 271 (Mo. 1983) (en banc).

When a policy defines a term, that definition controls "unless the context clearly requires otherwise." Shaffner v. Farmers Mut. Fire Ins. Co. of St. Clair County, 859 S.W.2d 902, 907 (Mo. Ct. App. 1993); see Enterprise Tools, Inc. v. Export-Import Bank of the United States, 799 F.2d 437, 439 (8th Cir. 1986). The rules of construction are inapplicable to an unambiguous policy. Kyte v. American Family Mut. Ins. Co., 92 S.W.3d 295, 298 (Mo. Ct. App. 2002); Stotts v. Progressive Classic Ins. Co., 118 S.W.3d 655, 662 (Mo. Ct. App. 2003). Missouri law requires that an unambiguous policy be given its plain meaning. Killian v. Tharp, 919 S.W.2d 19, 21 (Mo. Ct. App. 1996); St. Paul Fire & Marine Ins. Co. v. Lippincott, 287 F.3d 703, 705 (8th Cir. 2002).

"Exceptions and limitations contained in insurance policies should be construed strictly against the insurer." Standard Artificial Limb, 895 S.W.2d at 209. "When an insurance company seeks to escape coverage based on policy exclusions, the burden is on it to establish the applicability of the exclusions." Superior Equip. Co., Inc. v. Maryland Cas. Co., 986 S.W.2d 477, 482 (Mo. Ct. App. 1998). The same rules of construction apply to exclusions, however, as to coverage provisions. "Where language in an insurance contract is unequivocal, it is to be given its plain meaning notwithstanding the fact that it appears in a restrictive provision of a policy." Harrison v. MFA Mut. Ins. Co., 607 S.W.2d 137, 142 (Mo. 1980) (en banc).

## II.

With these principles in mind, the Court turns to Farmers' motion for summary judgment. Farmers moves for judgment on the basis that there is no coverage under its automobile policies because the Bobcat operated by Nichols does not fit within any of the policies' unambiguous definitions of insured motor vehicles: "private passenger car," "utility car," or "utility trailer."

In opposing Farmers' summary judgment motion, Nichols does not contest any of its assertions regarding the policies' language, or any of Farmers' legal arguments. Instead, Nichols argues only that Farmers did not offer admissible evidence to support its uncontroverted fact that the Bobcat was not licensed for use on public highways and was designed for recreational use off public highways. In reply, Farmers submitted an affidavit and documentation to provide admissible evidence to support the factual assertion that the Bobcat was not licensed for use on public highways and was designed for use off of public highways. Nichols has not challenged this evidence.

The Court finds that the Farmers automobile policies' plain language excludes coverage for the Bobcat, because it does not fit the definition of any of the types of vehicles insured by the policy– "private passenger car," "utility car," and "utility trailer." The Bobcat is not a "utility trailer" because it was not "designed to be towed by a private passenger car." The Bobcat is not a "private passenger car" or "utility car" because it is not "actually licensed for use upon public highways." As the uncontroverted facts show, the Bobcat was rented by defendant Nichols and hauled on a trailer to the Mardi Gras festivities. The Bobcat was not registered with the State of Missouri by its owner, Bobcat of St. Louis, and did not bear a license plate. The vehicle was designed for recreational use off road and was not generally licensed or registered with the State of Missouri for use on public highways.[2]

---

[2]Although the Court does not reach this issue for purposes of this decision, it appears that the Bobcat, as Farmers argues, meets the statutory definition of a "recreational off-highway vehicle" as defined by § 301.010(47), Revised Statutes of Missouri:

> "Recreational off-highway vehicle", any motorized vehicle manufactured and used exclusively for off-highway use which is sixty-four inches or less in width, with an unladen dry weight of two thousand pounds or less, traveling on four or more nonhighway tires, with a nonstraddle seat, and steering wheel, which may have access to ATV trails[.]

Missouri law provides that "[n]o person shall operate a recreational off-highway vehicle, as defined

Missouri courts have held that no coverage existed for off road vehicles under automobile policies containing comparable language. For example, in Meeks v. Berkbuegler, the Missouri Court of Appeals held there was no coverage for an accident involving a dune buggy that occurred off public roads, where the policy excluded from uninsured motor vehicle coverage vehicles "designed for use mainly off public roads except while on public roads." Meeks, 632 S.W.2d 24, 26 (Mo. Ct. App. 1982). The court also held that not providing coverage for off public road vehicles did not violate the Missouri Safety Responsibility Law. Id. at 27.

Similarly, in State ex rel. Toastmaster, Inc. v. Mummert, 857 S.W.2d 869, 871-72 (Mo. Ct. App. 1993), the court held the plain language of an automobile policy excluding from coverage "equipment designed for use mainly off public roads while so used" did not provide coverage where a person was injured when struck by a forklift operated inside of a warehouse. See also Risher v. Farmers Ins. Co., 200 S.W.3d 84, 89 (Mo Ct. App. 2006) (plain language of an automobile policy defining "motor vehicle" as a "a land motor vehicle . . . but does not mean a vehicle . . . [w]hich is a farm type tractor, or any equipment designed or modified for use principally off public roads while not on public roads," did not provide coverage for an off-road accident involving a "Doodlebug"–a John Deere manufactured skidder, converted by the placement of a water tank, and used principally for the off-road spraying of vegetation).

In this case, the Bobcat 2100S is a recreational off-road vehicle, not licensed or designed for use on public highways, that was involved in an off-road accident. Under the plain language of the policies, the Bobcat does not fit any definition of an insured vehicle. Based on the above-referenced Missouri case law, the automobile policies do not cover the Bobcat, and need not cover it. Therefore,

---

in section 301.010, upon the highways of this state," with certain specified exceptions, none of which are applicable here. § 304.033, Mo. Rev. Stat.

the Court concludes that neither Farmers automobile policy provides coverage for the incident in which defendant DeClue was allegedly injured by the Bobcat, and neither requires Farmers to provide any defense to defendant Nichols in, or any indemnification for, the Underlying Lawsuit.

III.

Farmers also moves for a declaratory judgment that it has no duty to defend or indemnify defendant Nichols on punitive damage claims asserted against him in the Underlying Lawsuit. Defendant Nichols has not responded to this aspect of Farmers' motion for summary judgment. The Court finds that each automobile policy's language unambiguously excludes coverage for claims of "punitive or exemplary damages or the cost of defense related to such damages." Pls.' Ex. G, endorsement E0207; Pls.' Ex. H, endorsement E0207. Missouri courts have consistently held that policies providing coverage for bodily injury and property damage do not include coverage for punitive damages. See, e.g., Schnuck Markets, Inc. v. Transamerica Ins. Co., 652 S.W.2d 206, 208-09 (Mo. Ct. App. 1983); Crull v. Gleb, 382 S.W.2d 17, 23 (Mo. Ct. App. 1964). Here, the unambiguous policy language specifically excludes any coverage for punitive or exemplary damages and for the cost of defense relating to such damages. The Court finds that this language specifically excludes coverages for punitive damages, and therefore concludes that Farmers owes no duty to defend or indemnify defendant Nichols on the claim for punitive damages in the Underlying Lawsuit.

**Conclusion**

For the foregoing reasons, plaintiffs Farmers and Mid-Century have established that no genuine issues of material fact remain, and that they are entitled to a declaratory judgment as a matter of law that they have no duty to defend or indemnity defendant Nichols in connection with the incident that occurred involving the Bobcat 2100S on February 25, 2006, including any claim for punitive damages or the cost of defense for such a claim.

9

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs Mid-Century Insurance Company and Farmers Insurance Company, Inc.'s motion for summary judgment is **GRANTED**. [Doc. 36]

**IT IS FURTHER ORDERED, ADJUDGED and DECLARED** that plaintiffs Mid-Century Insurance Company and Farmers Insurance Company, Inc. have no duty under the homeowners and automobile insurance policies they issued to defendant Ronald Nichols to defend or indemnify Nichols on the claims asserted against him by Raymond DeClue in Case No. 0722-CC07357 in the Circuit Court of the City of St. Louis, case number 0722-CC07357, arising out of the incident involving the Bobcat 2100S vehicle on February 25, 2006.

An appropriate judgment will accompany this Memorandum and Order.

                                      **CHARLES A. SHAW**
                                      **UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of January, 2013.